## Crilly v. Martin

*James H. Gorbey, Jr.,* and *John J. O'Brien, Jr.,* for plaintiff.

*William D. March,* for defendants.

WRIGHT, J., October 28, 1974.—Plaintiff has brought an action in trespass against defendants for personal injuries sustained in an auto accident on October 24, 1973. Defendants have filed certain interrogatories for answer by plaintiff, causing plaintiff to respond by filing an objection to interrogatory no. 18. The interrogatory reads as follows:

"18. Were you ever involved in any other accident of any kind before or after the accident upon which this suit is based? If your answer is yes, state:

"(a) The date of the accident, its place of occurrence and the persons, firm or corporation involved in the accident;

"(b) The injuries or physical hurts or difficulties that you sustained as a result of the accident;

"(c) The name of the Court in which you instituted any suit for the recovery of damages and the year in which the case was started and an accurate record of the Term and/or Number."

The above interrogatory must be viewed in light of the averments of injury contained within plaintiff's complaint, which, in relevant part, read as follows:

"6. As a result of defendants' negligence, plaintiff was caused to suffer severe injuries to his right shoulder, head, face, arms, aggravation of previous injury to his back, neck, left shoulder and other severe injuries internal and external, shock to his nerves and nervous system, all of which injuries may be permanent in nature.

"7. As a result of defendants' negligence, the plaintiff has been severely and permanently injured and has suffered and may in the future continue to suffer

great physical pain and mental anguish and he has been and may in the future be hindered and prevented from attending to his usual daily duties and occupation."

Plaintiff, in his written brief, admits that "defendant would be entitled to discovery of information regarding prior or subsequent accidents if those accidents resulted in injuries to any part of, or function of, his body claimed in this suit to have been injured." In short order, plaintiff's counsel then goes on to state that interrogatory no. 18 is "irrelevant to the present action." We think not.

Pennsylvania Rule of Civil Procedure 4007(a) permits discovery by deposition upon oral examination or written interrogatories of any matter which is relevant to the subject matter involved in the action brought, and which will substantially aid in the preparation or trial of the case. This rule, of course, is subject to the limitations of Rule no. 4011.

It is not possible for a hard and fast rule to be enunciated as to what information can be requested under our discovery rules, nor what information must be divulged. As so often is stated, each case must be determined on its own particular facts: Kulbacki v. Seybold, 4 D. & C. 2d 330 (1955). See also Citizens National Bank of Decatur v. Clark, 57 D. & C. 2d 238 (1972).

In the instant case it is felt that the objection to interrogatory no. 18 is not well taken. Plaintiff has not alleged, with any specificity, the injuries sustained by him. Additionally, he has averred that the accident caused "aggravation of previous injury to his back, neck and left shoulder." What could be more relevant, for discovery, than the facts and circumstances surrounding the cause of the previous injuries and their

specific nature? This information could well have a bearing on plaintiff's present physical and mental condition. We, therefore, make the following:

## ORDER

And now, October 28, 1974, plaintiff is directed to provide defendants with the answer to interrogatory no. 18 within 20 days of the date of this order.